# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9289 |
| | ) | Criminal Case No. 04 CR 609 |
| **VITO BARBOSA**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Vito Barbosa ("Barbosa") has just filed a self-prepared Motion that seeks to invoke

28 U.S.C. § 2255 ("Section 2255"), as the AO243 form puts it, "To Vacate, Set Aside, Or

Correct Sentence By a Person in Federal Custody" (the "Motion"). To that end Barbosa seeks to

call to his aid the United States Supreme Court's June 23, 2016 decision in Mathis v. United

States, 136 S.Ct. 2343 (2016) that dealt with one aspect of the Armed Career Criminal Act

("ACCA"), which calls for a 15-year mandatory minimum sentence for certain predicate

offenses. But because this Court's prompt examination of Barbosa's Motion, as required by

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts

("Section 2255 Rules"), plainly discloses that Barbosa is not entitled to Section 2255 relief, that

same Rule expressly provides that "the judge must dismiss the motion and direct the clerk to

notify the moving party."

Although the imposition of Barbosa's ACCA-required 180-month sentence took place a

full decade ago, this Court has followed its normal practice of retaining the chambers file in his

case, and it has done so here. What the file reveals is that Barbosa's extraordinarily lengthy

criminal career did include three prior convictions for what were then viewed as "violent

felonies" for ACCA purposes at the time of sentencing. But whether or not those convictions may fit that category under the recent <u>Mathis</u> analysis (a question that need not be decided here), Barbosa's extensive criminal record also included a separate conviction of a "serious drug offense," which 18 U.S.C. § 924(e)(2)(A)(i) defines in these terms:

> an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law.

Because Barbosa's state court conviction of possession with intent to deliver 100 grams or more, but less than 400 grams, of cocaine in violation of 720 ILCS 570/401 carried a potential maximum sentence of 40 years, it unquestionably qualified as a "serious drug offense." And because under ACCA that alone called for the mandatory minimum sentence of 15 years imprisonment that this Court imposed on Barbosa, it is totally irrelevant as a matter of law whether or not his separate convictions for asserted "violent felonies" still continue to qualify as such post-<u>Mathis</u>.

Accordingly there is no need under Section 2255 Rule 4(b) to order an answer, motion or other response by the United States Attorney's Office to Barbosa's current Motion. Instead, as stated earlier, the Motion is dismissed pursuant to Section 2255 Rule 4(b), and in accordance with Section 2255 Rule 11(a) this Court denies a certificate of appealability.[1]

_____

Milton I. Shadur

Date:  October 4, 2016                    Senior United States District Judge

_____

[1]  Section 2255 Rule 11(a) goes on to provide that Barbosa may not appeal the denial ordered here, but he may seek a certificate from the Court of Appeals under Fed. R. App. 22.