# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9289 |
| | ) | Criminal Case No. 04 CR 609 |
| **VITO BARBOSA**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pro se prisoner Vito Barbosa ("Barbosa") has filed a Fed. R. Civ. P. 59(e) ("Rule 59(e)")

motion seeking reconsideration of this Court's denial of his self-prepared 28 U.S.C. § 2255

("Section 2255") motion for correction of the sentence that he is serving, a motion sought to be

predicated on the Supreme Court's decision in Mathis v. United States, 136 S.Ct. 2243 (2016)

toward the end of its last term. Barbosa's current motion raises troubling questions, particularly

though not exclusively the question as to whether, as Barbosa claims, his long ago multiple state

court convictions for burglary no longer qualify as "violent felonies" under 18 U.S.C.

§ 924(e)(2)(B)(ii) under the analysis in Mathis -- a question as to which this Court's earlier

denial of his Section 2255 motion had assumed that proposition purely arguendo.

Some background explanation is necessary. Although this Court has retained its

chambers file going back to Barbosa's 2005 guilty plea and sentencing, it never had occasion to

look into the circumstances of his three separate burglary convictions dating back to 1983 when

he was just 17 years old. Instead this Court's information about those convictions was limited to

their brief treatment in Barbosa's presentence investigation report, which described them as

stemming from separate breaking-and-entering offenses (generic burglaries), each of which eventuated in a guilty plea by Barbosa, which in turn led to the imposition of concurrent four-year sentences in the Illinois Department of Corrections. And that being so, more is needed to see whether Barbosa's blithe assertion that <u>Mathis</u> necessarily gives him a get-out-of-jail-free card is accurate.

Although over the years Barbosa's pursuit of several measures of post-conviction relief have shown him to be capable of pursuing some such efforts on his own, this Court recognizes that dredging up materials as to charges going back more than three decades must be well beyond his ability, operating from prison as he must. Accordingly this Court will seek to obtain legal assistance for him from this District Court's outstanding Federal Defender Program. In the meantime it grants his Rule 59(e) motion and will reconsider his Section 2255 motion as a fresh matter.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: October 21, 2016

_____

[1] Barbosa's appointed counsel will of course be expected to address other aspects bearing on potential relief for Barbosa, including for example any question as to the retroactivity of the <u>Mathis</u> analysis to apply to Barbosa's case.