IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 9289 |
| ) | Criminal Case No. 04 CR 609 |
| VITO BARBOSA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

As stated in its recent October 21 memorandum order ("Order"), this Court's earlier treatment of the 28 U.S.C. § 2255 ("Section 2255") motion filed pro se by prisoner Vito Barbosa ("Barbosa"), which seeks to call on Mathis v. United States, 136 S. Ct. 2243 (2016) as a path toward reduction of his 2005 sentence as an Armed Career Criminal through the interaction of 18 U.S.C. §§ 922(g) and 924(e)(1),[1] had accepted arguendo Barbosa's contention that his several convictions for burglary did not qualify as "violent felonies" under Mathis. This Court is, as its Order stated, calling on the Federal Defender Program to provide counsel who should be able (as Barbosa would obviously have great difficulty in doing on his own) to obtain any Mathis-relevant information as to Barbosa's more-than-three-decades-old burglary convictions. But in the meantime this Court has turned its own attention, for the first time, to the soundness or lack of soundness in Barbosa's ipse dixit assertion, and this memorandum opinion and order addresses that subject.

---

[1] All further citations to provisions of Title 18 will simply take the form "Section --," omitting the prefatory "18 U.S.C. §."

As the presentence investigation ("PSI") memorandum in connection with Barbosa's federal sentencing proceeding reflects (that memorandum is part of this Court's retained chambers file in his case), he had been charged under Illinois law with, had pleaded guilty to and was sentenced to concurrent four-year prison sentences for four separate breaking-and-entering burglaries of businesses. At the time of sentencing in Barbosa's federal criminal case that is at issue in this Section 2255 proceeding, the government relied on two of those convictions for purposes of enhancing Barbosa's sentence under Section 924(e): one in Circuit Court of Cook County Case No. 83 C 605346 and the other in that court's Case No. 83 C 605347. "Burglary" simpliciter is one of the crimes that constitute a "violent felony" within the definition in Section 924(e)(2)(B)(ii).[2] And here is the Illinois definition of the crime of "burglary" to which Barbosa pleaded guilty and was sentenced back in 1983 for the two offenses referred to earlier (720 ILCS 5/19-1(a)):

> A person commits burglary when without authority he or she knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4-102 of the Illinois Vehicle Code.

In terms of the careful analysis presented in Mathis, particularly at 136 S. Ct. 2249, that statute provides two alternatives as to the elements of an Illinois burglary conviction: one

---

[2] Last year's Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which held unconstitutional the "residual clause" of the Armed Career Criminal Act in Section 924(e)(2)(B)(ii), expressly stated that the Court was not questioning the applicability of that statute to "burglary" as a "violent felony" (135 S. Ct. at 2563):

> Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.

requiring an illegal entry into "a building . . . with intent to commit therein a felony or theft" and the other charging the defendant with having "remain[ed] within a building" with like intent (so that the second alternative does not require an illegal entry in the first instance). Based on the description in the PSI memorandum of Barbosa's two youthful crimes (for which he received four-year concurrent prison sentences), his conduct falls squarely within the first of those alternatives and therefore within the generic crime of "burglary" with all of its elements.

That being said, and with those "violent felonies" added to Barbosa's acknowledged conviction for a "serious drug offense" as defined in Section 924(e)(2)(A), Section 924(e)(1) required imposition of the 15-year mandatory minimum sentence that his current Section 2255 motion seeks to attack. It would follow that Barbosa could not appear to benefit from his attempted reliance on Mathis unless something in the history of his long-ago burglary convictions alters the impact of the analysis set out here. [3]

Accordingly his Section 2255 motion will be held in suspense pending further input on that score from the federal defender whose appointment for that purpose this Court is currently seeking to arrange. And it is anticipated that such input will enable this Court to determine whether government counsel should be required to answer Barbosa's Section 2255 motion (see Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules") or whether this Court can and should deny that action under Section

---

[3] What has been said in this opinion must not be mistaken as being at odds with the application of Mathis principles by our Court of Appeals in its post-Mathis opinion in a totally different context in United States v. Edwards, 2016 WL 4698952 (7th Cir. Sept. 8, 2016). Because that is really a digression whose exploration is unnecessary for the analysis in this opinion, it is explained briefly in the attached Appendix.

2254 Rule 4(b).

                                                                       */s/ Milton I. Shadur*

                                                                       Milton I. Shadur
                                                                       Senior United States District Judge

Date: October 24, 2016

## **Appendix**

In the <u>Edwards</u> opinion referred to in n.3 of the text our Court of Appeals was called upon to deal with a conviction in which the Sentencing Guidelines range, and therefore the defendant's sentence, were enhanced by a prior burglary that was designated as a "crime of violence" for Guideline purposes under Section 4.B.1.2(a)(2). That section listed "burglary of a <u>dwelling</u>" (emphasis added) as a qualifying "crime of violence" that increased the Guideline range (and hence impacted the defendant's sentence) for such a "burglary of a dwelling." And that being the case, the Wisconsin statute at issue in <u>Edwards</u> served as the predicate for a comparison between the state law definition and the Guidelines definition of the offense of "burglary."

That situation contrasts sharply and definitively with Barbosa's case, in which the Guidelines (and their limited definition of "burglary") played no role whatever in his sentence. That was so because the age of his much earlier burglary convictions resulted in no criminal history points at all being ascribed to those convictions. And with those earlier "burglaries," which were part of Barbosa's prior criminal record that mandated the imposition of a 15-year mandatory minimum sentence under the Armed Career Criminal Act, having been prosecuted in the generic sense of that word quoted early in the current opinion, neither the very different answer nor the outcome in <u>Edwards</u> has any bearing on Barbosa's case here.