**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9289 |
| | ) | Criminal Case No. 04 CR 609 |
| **VITO BARBOSA**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On September 27, 2016 federal prisoner Vito Barbosa ("Barbosa") filed a pro se 28 U.S.C. § 2255 ("Section 2255") motion that invoked the Supreme Court's opinion in Mathis v. United States, 136 S. Ct. 2243 (2016) "as a path toward reduction of his 2005 sentence as an Armed Career Criminal through the interaction of 18 U.S.C. §§ 922(g) and 924(e)(1)."[1] After this Court had reviewed Barbosa's extensive criminal record, including the offenses that had resulted in his sentence, it ultimately issued the October 24 Opinion, which held that two of Barbosa's years-old breaking-and-entering burglaries of businesses were among the crimes that constitute "violent felonies" within the definition in Section 924(e)(2)(B)(ii). Hence the Opinion found that the Mathis analysis did not take the Armed Career Criminal Act (the "Act") out of play as to Barbosa, and so it denied his Section 2255 motion.

But before the Opinion had turned to the Mathis analysis, it had "call[ed] on the Federal Defender Program to provide counsel who should be able (as Barbosa would obviously have great difficulty in doing on his own) to obtain any Mathis-relevant information as to Barbosa's

---

[1] This quotation is from this Court's October 24, 2016 Memorandum Opinion and Order (the "Opinion").

more-than-three-decades-old burglary convictions" (more language quoted from the Opinion). That request led to the designation of experienced criminal defense lawyer William Theis for that purpose, and he has done more than yeoman service in that role: Just two weeks after this Court's issuance of the Opinion he has filed "Barbosa's Supplemental Memorandum," citing and quoting our Court of Appeals' per curiam opinion in United States v. Haney, 2016 WL 6298695, at *2 (7th Cir. Oct. 27) -- an opinion issued just three days after this Court's Opinion -- that held, for reasons different from the approach that this Court had taken, that Illinois burglary convictions entirely comparable to Barbosa's are not "violent felonies" under the Act.

Because Haney is on all fours with this case, this Court withdraws the Opinion, thus reviving Barbosa's Section 2255 motion. In accordance with Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, government counsel is ordered to file an answer to the motion at the earliest possible date. Speed is particularly important here, because if Barbosa's status as an Armed Career Criminal is overturned pursuant to Mathis, attorney Theis' supplemental memorandum states that he has already served the highest sentence that could have been imposed on him and is therefore entitled to release from prison now.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 9, 2016

---

[2] If government counsel were to challenge that contention, this Court would expect to address the parties' dispute on that score swiftly.