**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9289 |
| | ) | Criminal Case No. 04 CR 609 |
| **VITO BARBOSA**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Last week this Court issued a two-page memorandum order (the "November 9 Order"), the most recent of several orders entered in the brief but checkered history of this 28 U.S.C. § 2255 ("Section 2255") action filed pro se by federal prisoner Vito Barbosa ("Barbosa"). That November 9 Order concluded by withdrawing an earlier-entered ruling by this Court -- a withdrawal that was based on a Seventh Circuit opinion on all fours with this case, thus reviving Barbosa's Section 2255 motion. Here is how the November 9 Order concluded:

> In accordance with Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, government counsel is ordered to file an answer to the motion at the earliest possible date. Speed is particularly important here, because if Barbosa's status as an Armed Career Criminal is overturned pursuant to <u>Mathis</u>, attorney Theis' supplemental memorandum states that he has already served the highest sentence that could have been imposed on him and is therefore entitled to release from prison now.

That directive has been complied with admirably by government counsel, who yesterday filed the "Government's Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255" (the "Response"). Although government counsel said there that the United States Supreme Court decision that served as the linchpin for the Seventh Circuit decision referred to in the first

paragraph of this memorandum order "makes little sense" and calls for a "nonsensical result" in this case, the Response concluded by stating:

> Under the particular facts of this case, the Motion must be granted.

Indeed, although the Response then pointed to a "number of procedural obstacles to consider the defendant's claim," it elected to waive any procedural bar that it had identified. Accordingly government counsel has conferred with Barbosa's able defense counsel, who was drawn from the Federal Defender Panel for the specific purpose of dealing with Barbosa's Section 2255 motion, and has asked that this Court (1) order Barbosa's prompt release and (2) set a date for Barbosa's resentencing later this week. This Court grants the first of those requests and will await the setting of the resentencing date, to be rearranged for by its courtroom deputy after conferring with both sides' counsel.[1]

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: November 15, 2016

---

[1] At the conclusion of the Response, government counsel reports that "defense counsel will seek a waiver of the defendant's appearance at resentencing."